1  ARLENE P. MESSINGER
   Assistant General Counsel for SBIC Enforcement
2  U.S. Small Business Administration
   Receiver for Prospero Ventures, L.P.
3  409 Third Street, S.W., 7th Floor
   Washington, DC  20416
4  Telephone: (202) 205-6857
   Facsimile: (202) 481-0325
5
   DARRYL J. HOROWITT  #100898
6  CHRISTINE J. LEVIN  #192181
   COLEMAN & HOROWITT, LLP
7  Attorneys at Law
   499 West Shaw, Suite 116
8  Fresno, California 93704
   Telephone: (559) 248-4820
9  Facsimile: (559) 248-4830

10 Attorneys for Plaintiff,
   U.S. SMALL BUSINESS ADMINISTRATION,
11 as Receiver for PROSPERO VENTURES, L.P.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 U.S. SMALL BUSINESS                    NO.    C 07-03733 MEJ
   ADMINISTRATION, as Receiver for        Related Cases
16 PROSPERO VENTURES, L.P.,                     No. C 07-03732 MEJ
                                                No. C 07-03735 MEJ
17               Plaintiff,                     No. C 07-03736 MEJ
                                                No. C 07-03737 MEJ
18          v.                                  No. C 07-03738 MEJ
                                                No. C 07-03739 MEJ
19 JOSE MARIA INSENSER and LUCIA                No. C 07-03740 MEJ
   MARTINEZ.,                                   No. C 07-03741 MEJ
20
                 Defendant.             **MEMORANDUM OF POINTS AND**
21                                      **AUTHORITIES IN SUPPORT OF**
                                        **APPLICATION FOR JUDGMENT**
22                                      **PURSUANT TO FRCP RULE 55(b)(1)**

23                                      **[Filed concurrently with Application**
                                        **for Judgment, Declarations of Brian**
24                                      **Stern and Christine J. Levin, and**
                                        **Proposed Judgment]**
25
                                        Date: January 17, 2007
26                                      Time: 10:00 a.m.
                                        Courtroom B, 15th Floor
27

28          Plaintiff,   U.S.   SMALL   BUSINESS   ADMINISTRATION   ("SBA"),   as   Receiver

                                        1

1    ("RECIEVER") for PROSPERO VENTURES, L.P., a California Corporation (hereinafter

2    "PROSPERO") f/k/a Dotcom Ventures, L.P., hereby submits the following Memorandum of Points

3    and Authorities in support of its Application for Default Judgment against Defendants JOSE MARIA

4    INSENSER (hereinafter "INSENSER") and LUCIA MARTINEZ (hereinafter "MARTINEZ"), under

5    Rule 55(b)(1) of the Federal Rules of Civil Procedure.

6                                    **PROCEDURAL HISTORY**

7           On or about October 20, 2004, SBA was appointed as the Receiver of PROSPERO by way

8    of a "Receivership Order." (See Stern Dec. ¶ 5 and Exh. "A" attached thereto.) On or about April

9    13, 2007, this Court entered its order ("Lift Stay Order") partially lifting the judicial injunction and

10   stay against the commencement of civil legal proceedings of any nature involving PROSPERO. (See

11   Stern Dec. ¶ 6 and Exh. "B" attached thereto.)

12          After the stay was lifted, PROSPERO, on behalf and acting in the place of the General

13   Partner, filed its complaint with this Court on July 19, 2007. On or about August 13, 2007,

14   INSENSER and MARTINIZ were served with the summons and complaint. INSENSER and

15   MARTINEZ' responses were due on or about September 18, 2007. On October 12, 2007, Plaintiff

16   filed its request for default. On October 26, 2007, this court granted Plaintiff's request that default

17   be entered against INSENSER and MARTINEZ.

18                                    **STATEMENT OF FACTS**

19          This is an action for breach of a partnership agreement entitled Amended and Restated

20   Agreement of Limited Partnership for Dotcom Ventures, L.P. (Formerly ASCII Ventures, L.P.), a

21   California Limited Partnership (hereinafter "PARTNERSHIP AGREEMENT"). (See Stern Dec.,

22   ¶ 11.) The dispute stems from INSENSER and MARTINEZ' failure to make promised capital

23   contributions despite demand.

24          On or about April 1, 1999, PROSPERO and INSENSER and MARTINEZ entered into a

25   written partnership agreement. (See Stern Dec., ¶ 11.) The agreement was subsequently modified

26   on or about September 10, 1999 in a document entitled "Amended & Restated Agreement of Limited

27   Partnership for Dotcom Ventures, L.P. (formerly ASCII Ventures, L.P.) a California Limited

28   Partnership (hereinafter "PARTNERSHIP AGREEMENT." (See Stern Dec., ¶ 11; a true and correct

2

1    copy of the PARTNERSHIP AGREEMENT is attached to the Stern Declaration as Exhibit "D.")

2    The PARTNERSHIP AGREEMENT was entered by Sanner Fanger of LUZON. (See Stern Dec.,

3    ¶ 12; a true and correct copy of the signatory is attached thereto as Exhibit "E.")

4    　　　The PARTNERSHIP AGREEMENT provides, in pertinent part, that "A Partner's Capital

5    Commitment shall mean the amount that such Partner has agreed to contribute to the capital of the

6    Partnership as set forth opposite such Partner's name on Exhibit A hereto." A true and correct copy

7    of the PARTNERSHIP AGREEMENT is attached to the complaint filed in this case as Exhibit "A."

8    Exhibit A, as attached to the Complaint filed in this Court, demonstrates that INSENSER and

9    MARTINEZ agreed to contribute $37,426 to the partnership. (See Exhibit "A" to Complaint.)

10    　　　INSENSER and MARTINEZ paid $18,713 which is only one-half of the requisite

11    contribution. (Stern Dec., ¶¶ 14-15.) On or about February 9, 2005, Plaintiff made formal demand

12    that INSENSER and MARTINEZ make its unfunded capital contribution no later than March 18,

13    2005. (See Stern Dec., ¶ 17 and Exh. "G" attached thereto.)

14    　　　LUZON failed to pay despite demand and notwithstanding its agreement to do so. (See Stern

15    Dec., ¶ 18.)

16    　　　Because of INSENSER's and MARTINEZ' default, PROSPERO therefore applies for

17    judgment in the amount of $37,426, plus attorneys' fees, cost and the interest rate of nine percent

18    (9.5%) per annum beginning on March 18, 2005 and continuing until November 15, 2007.

19    Thereafter, Plaintiff seeks interest at the legal rate of 10% per annum.

20    **DISCUSSION**

21    **1.    JUDGMENT IN FAVOR OF PLAINTIFF MAY BE ENTERED UPON**
    **DECLARATION**

22

23    Federal Rule of Civil Procedure Rule 55(b)(1), provides:

24    "(b) Judgment. Judgment by default may be entered as follows:

25    　　　(1) By the Clerk. When the plaintiffs claim against a
    defendant is for a sum certain or for a sum which can

26    by computation be made certain, *the clerk upon*
    *request of the plaintiff and upon affidavit of the*

27    *amount due shall enter judgment for that amount*
    *and costs against the defendant,* if the defendant has

28    been defaulted for failure to appear and is not an infant

3

or incompetent person." (Emphasis added.)

PROSPERO submits that the accompanying declaration of Brian Stern supports its claim for breach of partnership. As such, by virtue of Federal Rule of Civil Procedure Rule 55, judgment should be entered on the attached declaration in lieu of personal testimony.

### 2. DEFAULT ADMITS THE MATERIAL ALLEGATIONS OF A COMPLAINT

By defaulting, INSENSER and MARTINEZ are deemed to admit the material allegations of the complaint, except those relating to the amount of damages. (See *TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F.2d 915, 917.) The Defendants, by their default, admit the Plaintiffs well-pleaded allegations of facts and is barred from contesting on appeal the facts thus established. (See *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank* (5th Cir. 1975) 515 F.2d 1200, 1206.)

In this action, INSENSER and MARTINEZ failed to timely respond to the complaint which was served on August 13, 2007. By virtue of their default, INSENSER and MARTINEZ have admitted all the material allegations of the complaint. PROSPERO need only prove the amount of its damages.

### 3. PLAINTIFF HAS PROVEN ITS CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT

Federal Courts in diversity cases apply state rules governing interpretation of contracts. (See *State of New York v. Blank* 27 F3d 783, 788 (2nd Cir. 1994).) In order for Plaintiff to prevail on its claim for breach of contract, it must establish that: (1) a contract was entered into; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach of the Agreement; and, (4) damage to Plaintiff as a result of the breach of contract. (See 4 Witkin, Cal. Procedure (4th ed., 1997), Plead, § 476, p. 570.)

The complaint alleges as follows:

1.    A contract was entered into: On September 10, 1999, PROSPERO and INSENSER and MARTINEZ entered into the PARTNERSHIP AGREEMENT wherein INSENSER and MARTINEZ agreed to make a capital contribution of $37,426. (See Stern Dec., ¶ 11, Ex. "A" to Complaint.)

2.    PROSPERO's performance: The Receiver for PROSPERO has properly notified

4

1    INSENSER and MARTINEZ that it has taken control and has made proper written demand that

2    INSENSER and MARTINEZ make their requisite capital contribution on February 9, 2005, by

3    giving INSENSER and MARTINEZ until March 18, 2005, to make their payment. (Stern Dec., ¶

4    17 and Exhibit "G" attached thereto.)

5        3.    INSENSER and MARTINEZ' breach: INSENSER and MARTINEZ breached the

6    PARTNERSHIP AGREEMENT by failing to pay PROSPERO its portion of the capital contribution.

7    (See Stern  Dec., ¶ 18.)

8        4.    Damages: PROSPERO has been damaged in the sum of $18,713, exclusive of interest

9    for monies due under the PARTNERSHIP AGREEMENT.  (See Stern Dec. ¶ 15.)

10    By virtue of the above, PROSPERO submits that it has established its claim for breach of

11    contract and that judgment in the sum of $18,713, plus interest, costs, and attorneys' fees should be

12    entered.

13        **4.    IN ADDITION TO THE PRINCIPAL SET FORTH ABOVE, PLAINTIFF
        IS ENTITLED TO INTEREST, COSTS AND ATTORNEYS' FEES**

14

15        **A.    Costs**

16    Paragraph 5.7 of the PARTNERSHIP AGREEMENT attached to the complaint

17    filed previously with this court as Exhibit "A" entitles Plaintiff to recover its Costs.  To date,

18    Plaintiff has the following costs in bringing this action:

19        Filing Fee            $350.00

20        Service of process        $119

21        Outside copying Service    $87.24

22        **Total Costs**        **$556.24**

23    (See Levin Dec., ¶¶ 22-28.)

24        **B.    Attorneys' fees:        $2,672.64**

25    In addition to the above, PROSPERO is entitled to attorneys' fees pursuant to the

26    PARTNERSHIP AGREEMENT. (See Exhibit "A" attached to the complaint filed in this case.)

27    Paragraph 5.7 of the PARTNERSHIP AGREEMENT entitled Failure to Contribute Capital explains:

28    "If any legal proceedings relating to the failure of a Limited Partner to make such contribution are

5

1   commenced, such Limited Partner *shall pay all costs and expenses* incurred by the Partnership,

2   *including attorneys' fees*, in connection with such proceedings." (Emphasis added.) In this matter,

3   suit was filed against nine (9) limited partners, one of which is INSENSER and MARTINEZ. (Levin

4   Dec. ¶ 24.) Attorneys' fees for matters that were only performed once are accounted for and divided

5   by nine. Examples of this would be the drafting of the administrative motion to consider the cases

6   related or reading the Partnership Agreement. (Levin Dec. ¶¶ 25-25) Plaintiff is not seeking to

7   recover these same attorneys' fees from another defendant. (Levin Dec. ¶¶ 24-25) For tasks that

8   must be performed for each individual defendant, counsel kept track of the time it took to draft all

9   of the documents and then divided the time by the number of the defendants in order to be fair to

10  each defendant.  This is due to the fact that the first complaint drafted would be more time

11  consuming than the last. (Levin Dec., ¶ 25.)

12          **C.    Interest:**

13          The PARTNERSHIP AGREEMENT has a provision for interest at a rate of prime plus four

14  at the Bank of America's published rate which was nine and a half percent (9 .5%) per annum at the

15  pertinent time. (Stern Dec., ¶ 19.) For the time between March 18, 2005, and November 15, 2007,

16  interest has accrued to the sum of  $4,734.13 at the daily rate of $4.87. (Stern Dec., ¶¶ 19-21.)

17  Plaintiff therefore seeks $4,734.13 in interest, plus $4.87 daily each day after November 15, 2007,

18  and before the entry of judgment.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

6

**CONCLUSION**

The SBA as Receiver for PROSPERO respectfully requests that judgment be entered against Defendant in the principal amount of $18,713; interest at the rate of 9.5% per annum from March 18, 2005 through November 15, 2007, in the amount of $4,734.13, and daily interest at $4.87 thereafter, costs in the amount of $556.24, and attorneys' fees in the amount of $2,672.64, for a total judgment of $26,676.01 plus interest commencing November 16, 2007.

Respectfully submitted,

Dated: December 11, 2007                    COLEMAN & HOROWITT, LLP

By:*/S/ Christine J. Levin*
CHRISTINE J. LEVIN
Attorneys for Plaintiff
U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver
for PROSPERO VENTURES, L.P.

7

1

PROOF OF SERVICE

2    I declare that I am a resident of the County of Fresno. I am over the age of eighteen (18)
years and not a party to the within action. My business address is 499 West Shaw, Suite 116,
3    Fresno, California 93704.

4    On December 11, 2007, I served the foregoing document described as
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**
5    **FOR JUDGMENT PURSUANT TO FRCP RULE 55(b)(1)** on the interested parties,
addressed as follows:

6

7

8    [x]    BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a
sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily
9    familiar" with the firm's practice of collecting and processing correspondence for mailing. It is
deposited with United States Postal Service on that same day in the ordinary course of business.

10
     []    BY CALIFORNIA OVERNIGHT - by placing [] a true and correct copy [] the original
11   thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to
the addressee noted above.

12
     []    BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person
13   and at the address shown above.

14   []    BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be
electronically transmitted to the parties, by using their facsimile number indicated below.

15
                Facsimile No.
16
     []    STATE: I declare under penalty of perjury under the laws of the State of California that
17   the foregoing is true and correct.

18   [x]    FEDERAL: I declare that I am employed in the office of a member of the bar of this court
at whose direction service was made.
19
     Executed on December 11, 2007, at Fresno, California.
20

21                                      _____
                                        Lisa R. Barr
22

23

24

25

26

27

28

8

1  Via U.S. Mail

2  Stepehn Hyndman
   175 Lundys Lane
3  San Francisco, CA 94110

4  Agent for Defendants,
   Jose Maria Insenser and Lucia Martinez
5

6  Via California Overnight:

7  Chambers Copies

8
   Hon. Maria-Elena James
9  U.S. District Court, Northern District
   450 Golden Gate Avenue
10 16th Floor, #1111
   San Francisco, CA 94102
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

MEMORANDUM OF POINTS AND AUTHORITIES