ASCII VENTURES, L.P.

INVESTOR QUESTIONNAIRE

**THE SECURITIES REFERRED TO IN THIS INVESTOR QUESTIONNAIRE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, (THE "1933 ACT") AND MAY NOT BE SOLD, TRANSFERRED, ASSIGNED OR HYPOTHECATED UNLESS THERE IS AN EFFECTIVE REGISTRATION STATEMENT UNDER THE 1933 ACT COVERING SUCH SECURITIES OR THE GENERAL PARTNER RECEIVES AN OPINION OF COUNSEL FOR THE HOLDER REASONABLY SATISFACTORY TO THE GENERAL PARTNER STATING THAT SUCH SALE, TRANSFER, ASSIGNMENT OR HYPOTHECATION IS EXEMPT FROM THE REGISTRATION AND PROSPECTUS DELIVERY REQUIREMENTS OF THE 1933 ACT.**

TO:   ASCII Ventures, L.P.
      c/o Cooley Godward LLP
      3000 Sand Hill Road
      Building 3, Suite 230
      Menlo Park, CA 94025

Ladies and Gentlemen:

In connection with a proposed offer to the undersigned of a limited partnership interest in DOTCOM Ventures, L.P. (formerly ASCII Ventures, L.P.), a California limited partnership in formation (the "Partnership"), of which AV Management, LLC, a California limited liability company, is the sole general partner (the "General Partner"), the General Partner has requested that the undersigned provide the information set forth on the signature page attached hereto. Capitalized terms used herein but not defined have the meanings set forth in the Limited Partnership Agreement of the Partnership, as amended from time to time (the "Partnership Agreement"). In addition, the undersigned represents and warrants to the General Partner and the Partnership as follows:

   a.   The undersigned is acquiring a limited partnership interest in the Partnership (the "Interest") solely for its own account for investment and not with a view to distribution or resale. The undersigned will not sell, hypothecate, pledge or otherwise dispose of the Interest in whole or in part except in compliance with the Partnership Agreement and unless the Interest either has been registered under the Securities Act of 1933, as amended (the "Securities Act") and any applicable state securities law, or is exempt from the registration requirements of the Securities Act and any such state securities law.

   b.   The undersigned has sufficient knowledge and experience in business and financial matters to evaluate the Partnership, its proposed activities and the risks and merits of this investment. The undersigned has the ability to accept the high risk and lack of liquidity inherent in this type of investing.

   c.   The undersigned has received and read the Partnership Agreement and is familiar with its terms.

**EXHIBIT C**

      d.    The undersigned has had the opportunity to ask questions of and receive answers from the General Partner concerning the terms, conditions and proposed activities of the Partnership and to obtain any additional information necessary to verify the accuracy of the information provided.

      e.    The undersigned has been advised to consult with its own attorney regarding legal matters concerning the Partnership and to consult with an independent tax adviser regarding the tax consequences of participating in the Partnership.

      f.    The undersigned understands that the Interest and the other Partnership interests have not been registered under the Securities Act (and that no such registration is contemplated) and are being sold in reliance upon the exemption from the registration requirements under that Act provided in Regulation D and/or Section 4(2). The undersigned further understands that it is not anticipated that there will be any market for its interest in the Partnership and the undersigned must therefore bear the economic risk of this investment for the term of the Partnership.

      g.    The undersigned makes one of the following representations regarding its status as an "accredited investor" and certain related matters, <u>and has checked the applicable representation</u>:

☐    1.    The undersigned is a trust with total assets in excess of $5,000,000 whose purchase is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of the prospective investment.

☐    2.    The undersigned is a bank, insurance company, investment company registered under the Investment Company Act of 1940, a broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, a business development company, a Small Business Investment Company licensed by the U.S. Small Business Administration, a plan with total assets in excess of $5,000,000 established and maintained by a state for the benefit of its employees, or a private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940.

☐    3.    The undersigned is an employee benefit plan and <u>either</u> all investment decisions are made by a bank, savings and loan association, insurance company, or registered investment advisor, <u>or</u> the undersigned has total assets in excess of $5,000,000 <u>or</u>, if such plan is a self-directed plan, investment decisions are made solely by persons who are accredited investors.

☐    4.    The undersigned is a corporation, partnership, business trust, or an organization described in section 501(c)(3) of the Internal Revenue Code with total assets in excess of $5,000,000.

☐ 5. If the undersigned is not an entity described in paragraphs "1" through "4", the undersigned represents that each of its equity owners is either (i) an entity described in paragraphs "2" through "4"; or (ii) an individual who (A) has an individual net worth, or a joint net worth with such individual's spouse, in excess of $1,000,000, or (B) has had an individual income in excess of $200,000 in each of the two most recent years, or a joint income with one's spouse in excess of $300,000 in each of those years, and has a reasonable expectation of reaching the same income level in the current year, or (C) is a manager, executive officer or a general partner of the Partnership's general partner.

☒ 6. If the undersigned is an individual, the undersigned represents that either he or she (i) has a net worth, either individually or upon a joint basis with the undersigned's spouse, of at least $1,000,000, (ii) has had an individual income in excess of $200,000 for each of the two most recent years, or a joint income with the undersigned's spouse in excess of $300,000 in each of those years, and has a reasonable expectation of reaching the same income level in the current year, or (iii) is a director, executive officer or a general partner of the Partnership or of the general partner of the Partnership.

☐ 7. The undersigned cannot make any of the representations set forth in paragraphs "1" through "6" above.

h. The undersigned was not formed solely for the purpose of making an investment in the Partnership.

i. If the undersigned is a non-individual which will have a Capital Commitment (as defined in the Partnership Agreement) in excess of $2,000,000 the undersigned [check the applicable subparagraph]:

☐ Would not, upon acquiring the Partnership Interest, have more than ten percent (10%) of its assets invested in one or more investment companies (including, for purposes of this representation, the Partnership) that rely solely on the exclusion from the definition of "investment company" provided in Section 3(c)(1)(A) of the Investment Company Act of 1940;[1] or

---

[1] Section 3(c)(1)(A) provides, in pertinent part:

"[N]one of the following persons is an investment company ...

(1) Any issuer whose outstanding securities (other than short-term paper) are beneficially owned by not more than one hundred persons and which is not making and does not presently propose to make a public offering of its securities. For purposes of this paragraph:

(A) Beneficial ownership by a company shall be deemed to be beneficial ownership by one person, except that, if the company owns 10 per centum or more of the outstanding voting securities of the issuer, the beneficial ownership shall be deemed to be that of the holders of such company's outstanding securities (other than short-term paper) unless, as of the date of the most recent acquisition by such company of securities of that issuer, the value of all securities owned by such company of all issuers which are or would, but for the exception set forth in this subparagraph, be excluded from the definition of investment company solely by this paragraph, does not exceed 10 per centum of the value of the company's total assets."

☐       Will as of the Closing have _____ beneficial owners, all of whose names and addresses are set forth on the list annexed hereto and initialed. [Please fill in the blank specifying the number of beneficial owners.]

j.      The undersigned understands that generally an investment company is a company that is engaged primarily in the business of investing, reinvesting or trading in securities, such as a mutual fund.

k.      **Institutional Investor (SBIC Regulations).**  The undersigned certifies, represents and warrants that the undersigned is an "Institutional Investor" as such term is defined in Title 13, part 107, Section 107.50 of the Code of Federal Regulations, in that the undersigned qualifies under one of the following categories (please check all that apply) as follows:

(i)     **Representations Applying to Entities.** If the undersigned is an entity other than a natural person, the undersigned has a net worth of not less than $1 million (or such higher amount as is specified in the subsections which follow) and is:

☐       (1)     A state or national bank, trust company, savings bank, or savings and loan association, including any such institution investing the funds of others in a fiduciary capacity;

☐       (2)     An insurance company;

☐       (3)     A 1940 Act Investment Company or Business Development Company, as defined in the Investment Company Act of 1940, as amended;

☐       (4)     A holding company of an entity specified in (1) to (3).

☐       (5)     An employee benefit or pension plan established for the benefit of employees of the Federal government or any State, their political subdivisions, or any agency or instrumentality thereof;

☐       (6)     An employee benefit or pension plan, as defined in the Employee Retirement Income Security Act of 1974, as amended, excluding plans established under Section 401(k) of the Internal Revenue Code of 1986, as amended;

☐       (7)     A trust, foundation or endowment exempt from Federal income taxation under the Internal Revenue Code, as amended;

☐       (8)     A corporation, partnership, or other entity with a net worth in excess of $10 million;

☐       (9)     State, its respective political subdivisions, or any agency or instrumentality thereof; or

☐       (10)    An entity whose primary purpose is to manage and invest non-Federal funds on behalf of at least three of the foregoing entity Institutional Investors specified in (1) to (9), each of which have at least 10 percent ownership of the entity.

70087 v1/SH
1S2v01!.DOC

(ii) **Representations Applying to Individuals.** If the undersigned is a natural person, the undersigned:

☒ (1) Has a personal net worth of not less than $2 million, exclusive of the value of the equity in his or her most valuable residence, and the undersigned's commitment to the Partnership does not exceed 10% of the undersigned's net worth (exclusive of the value of the equity in the undersigned's most valuable residence); or

☐ (2) Is an Accredited Investor as defined by the Securities Act of 1933, as amended, and whose commitment to the Partnership is backed by a letter of credit from a state or national bank;

☐ (3) Has a net worth of $10 million or more (exclusive of the value of the equity in the undersigned's most valuable residence).

(iii) **United States and Foreign Investors.**

(1) Under penalties of perjury, the undersigned is/is not a foreign corporation, foreign partnership, foreign trust, or foreign estate (as those terms are defined in the Internal Revenue Code of 1986, as amended, or the regulations promulgated thereunder), as indicated by the undersigned's marking one of the following boxes:

☐ is not such a foreign person        ☒ is such a foreign person

(2) The undersigned is a natural person who is/is not a permanent resident of the United States.

☐ is such a permanent resident       ☒ is not such a permanent resident

(3) If the undersigned is such a foreign person or is not a permanent resident, the undersigned hereby irrevocably appoints the following as an agent within the United States to receive service of process on behalf of the undersigned in connection with the enforcement of the obligation of the undersigned to make capital contributions to the Partnership, or otherwise in connection with the undersigned's subscription to contribute capital to the Partnership or the undersigned's investment or other participation in the Partnership as a limited partner:

_Steve Hyndman_

Such appointment as agent for service of process shall be irrevocable during the term of the Partnership.

[SIGNATURE PAGE FOLLOWS; PLEASE COMPLETE]

70087 v1/SH
1$2v01!.DOC

The representations and warranties set forth herein, including the information set forth on this signature page, are true and accurate as of the date hereof and shall be true and accurate as of the date of sale of the Interest and shall survive such date. If in any respect such representations and warranties shall not be true and accurate prior to sale of the Interest, the undersigned shall give immediate notice of such fact to the General Partner, specifying which representations and warranties are not true and accurate and the reasons therefor.

LEGAL NAME OF INVESTOR: __Jose Maria Insenser & Lucia Martinez__

Type of Investor: Please check the applicable box:

- ☒ Individual
- ☐ Corporation
- ☐ Partnership
- ☐ Trust
- ☐ Other _____

The undersigned is either (i) an "employee benefit plan" as defined in §3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (including any plan that is exempt from Title I of ERISA pursuant to §4(b) of ERISA), (ii) a plan described in IRC §4975(e)(1) (including an individual retirement account or annuity), or (iii) any entity the underlying assets of which are deemed to include "plan assets" under ERISA.

- ☐ Yes, the undersigned is one of the above.
- ☒ No, the undersigned is not any of the above.

Name and Address of primary contact person: __Jose Maria Insenser__
__CTRA CANILLAS, 17, pt 4, 5°C__
__28043 MADRID (SPAIN)__

Telephone Number: __(34) 91 388 47 62__

Fax Number: __(  )__

Other persons who should receive Partnership correspondence: _____

Please specify your Tax I.D. Number or check the appropriate box:
- ☐ Tax I.D. No.: __NONE__
- ☐ Exempt under IRC §401(a)
- ☐ Exempt under IRS §501(c)(3)

Total Capital Commitment: $ __30,000__

By: ___[signature]___
Signature

___[signature]___
Date: